UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARKER TIKSON,

        Plaintiff,

   v.

AMICA MUTUAL INSURANCE COMPANY,

        Defendant.

Cause No. C21-1584RSL

ORDER TO SHOW CAUSE

This matter comes before the Court *sua sponte.* On November 23, 2021, defendant removed this case from state court based on diversity jurisdiction. Dkt. # 1. Although the complaint does not specify the amount of damages sought, defendant argues that the $75,000 jurisdictional minimum is satisfied because plaintiff seeks underinsured motorist benefits including compensatory damages arising out of an automobile accident and attorney's fees.

The general removal statute, 28 U.S.C. § 1441, is construed restrictively: any doubts regarding the removability of a case will be resolved in favor of remanding the matter to state court. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Defendant has the burden of proving by a preponderance of the evidence that removal is appropriate under the statute. Where the complaint does not specify the amount of damages sought, the Court will consider the allegations of the complaint, facts in the removal petition, and supporting summary judgment-

ORDER TO SHOW CAUSE - 1

type evidence relevant to the amount in controversy. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1004 (9th Cir. 2007).

In his complaint, plaintiff alleges that he was involved in an automobile accident and "immediately suffered injuries from the collision." Dkt. # 1-1 at ¶ 3.1. Plaintiff seeks to recover "all special/economic damages, economic loss and general/non-economic damages including but not limited to non-economic damage for pain and suffering, loss of enjoyment, as well as disability, with amounts to be proven at trial." Dkt. # 1-1 at ¶ 5.1.[1] There is no information regarding the nature of plaintiff's injuries, any expenses incurred, or the policy limits at issue. Nor has plaintiff asserted a consumer protection or bad faith claim. Defendant offers no additional facts regarding the accident or plaintiff's situation that could provide an adequate basis for the Court to find that the jurisdictional amount is satisfied, instead simply asserting in its Notice of Removal that "[t]he amount in controversy exceeds $75,000, exclusive of interest and costs." Dkt. # 1 at 3. The Court is not, however, willing to accept a bald assertion based on no more than an allegation of accident-related injuries.

Defendant is hereby ordered to show cause why this matter should not be remanded to state court for having failed to "provide evidence establishing that it is more likely than not that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation marks omitted). Defendant's response, if any, is due on or before Wednesday, December 8, 2021. The Clerk of Court is directed to note this Order to Show

---

[1] It is not plaintiff's burden to show that he is not seeking damages in excess of the jurisdictional amount: the fact that plaintiff was unwilling to affirmatively cap his damages is irrelevant. To the extent defendant removed this case in the hope of wringing a concession from plaintiff regarding the amount of his damages, such tactics are improper.

ORDER TO SHOW CAUSE - 2

Cause on the Court's calendar for Friday, December 10, 2021.

Dated this 29th day of November, 2021.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 3

Case 2:21-cv-01584-RSL   Document 3   Filed 11/29/21   Page 4 of 4